IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD HOEFT,

                                                                                              ORDER

                Petitioner,

                                                                             09-cv-120-bbc

     v.

BRUCE JOANIS, NATHANIEL DELEGAN,
TOM RENZ and ASHLAND COUNTY,

               Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is the seventh of nine proposed civil actions for monetary relief, brought under 42 U.S.C. § 1983, by petitioner Richard Hoeft. Petitioner asks for leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915. From the financial affidavit petitioner has given the court, I conclude that petitioner is unable to make even a partial pre-payment of the fee for filing this lawsuit. Therefore, I will screen his complaint.

      In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, because petitioner is requesting leave to proceed under the in forma pauperis statute, his complaint must be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief

1

may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). I conclude that petitioner's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), because he is questioning the validity of a state court conviction.

In his complaint, petitioner alleges the following facts.

ALLEGATIONS OF FACT

On July 22, 2003, petitioner was arrested by respondents Joanis and Delegan, who are Ashland County Sheriff's Deputies. On October 5, 2004, a 16-count criminal complaint was filed in Ashland County, charging petitioner with burglary and criminal damage to property.

Petitioner represented himself at the preliminary hearing on October 26, 2004. Before the hearing, petitioner sat on a bench outside the courtroom and was approached by respondents Joanis and Delegan. They jokingly asked petitioner how he enjoyed prison. Petitioner told Joanis and Delegan that they knew that he had not committed the burglaries and that they would be committing perjury if they testified otherwise. Joanis asked petitioner who he thought the judge would believe, Joanis or petitioner. Petitioner responded by saying that Joanis would be lying and that he would file a complaint against Joanis and Delegan. Joanis told petitioner he would regret taking such actions.

Respondent Joanis testified on behalf of the state at the preliminary hearing. He testified that he and respondent Delegan had taken petitioner to a number of burglary sites in Ashland County and that petitioner had admitted his involvement in several of the burglaries. Delegan did not testify at the hearing. Joanis's testimony was false because he and Delegan never took petitioner to any burglary site in Ashland County. After the hearing, petitioner was bound over for trial.

On November 9, 2004, a <u>Miranda</u>-<u>Goodchild</u> hearing was held. Respondent Renz testified on behalf of the state at the hearing. Renz testified that petitioner had directed him to burglary sites in Ashland County and had confessed his involvement in those burglaries. Renz's testimony was false. Respondent Joanis also testified at the hearing. He testified the same as Renz. The judge found respondents' testimony to be more credible than petitioner's, and ruled that petitioner's confession would not be suppressed. Petitioner was convicted of burglary and sentenced to 2 years in prison and 4 years' extended supervision.

On March 14, 2006, respondents Joanis and Delegan testified at petitioner's post-conviction hearing that they had taken petitioner to burglary sites in Ashland County and that petitioner had confessed to several burglaries. Petitioner argued to the judge that respondents' testimony was false. However, the judge refused to permit petitioner to withdraw his plea.

3

DISCUSSION

Petitioner's complaint is similar to his complaint in the sixth civil action he brought under § 1983. Hoeft v. Joanis, 09-cv-119-bbc. In this proposed action, all of petitioner's claims are based on the allegation that respondents provided false testimony about petitioner's confession to several burglaries. Petitioner alleges that respondents' false testimony was an abuse of process. As with petitioner's sixth civil action, he is barred from proceeding on claims in this case because Heck v. Humphrey, 512 U.S. 477 (1994), bars him from doing so.

A § 1983 claim for damages is not cognizable if a judgment in favor of the plaintiff "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence," unless the conviction has been overturned. Id. at 486-87. Petitioner is seeking monetary damages from respondents on the ground that respondents Joanis, Delegan and Renz gave false testimony that led to his conviction on criminal charges of burglary. If respondents' testimony was found to be false, that would imply that petitioner's conviction was invalid because his burglary conviction stems from the state judge's determination at the preliminary and Miranda-Goodchild hearings that petitioner's confession should not be suppressed. Furthermore, from another case petitioner is litigating in this court, Hoeft v. Clark, 08-cv-537-bbc, I know that his December 2004 burglary conviction has not been overturned. Accordingly, petitioner cannot proceed on his § 1983 claims.

4

The same reasoning holds true with respect to petitioner's conspiracy claim and his claim that respondent Ashland County failed to train its officers not to give perjured testimony. To determine that Ashland County failed to provide such training or that the officer were engaged in a conspiracy, the court would have to decide that the officers provided perjured testimony, which would imply that petitioner's conviction was invalid. Thus, petitioner cannot proceed on any of his claims.

ORDER

IT IS ORDERED that:

1. Petitioner Richard Hoeft's request for leave to proceed in forma pauperis is DENIED on his due process, conspiracy and failure to train claims because those claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994);

2. This case is DISMISSED and the clerk of court is directed to close the case.

Entered this 30th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5