IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD HOEFT,

                                                                                   ORDER

            Plaintiff,

                                                                     09-cv-120-bbc

    v.

BRUCE JOANIS, NATHANIEL DELEGAN,
TOM RENZ and ASHLAND COUNTY,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 30, 2009, I denied plaintiff Richard Hoeft's request for leave to proceed <u>in forma pauperis</u> on his claims against defendants Bruce Joanis, Nathaniel Delegan, Tom Renz and Ashland County because his claims were barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Dkt. #3. Plaintiff has filed a motion to reconsider under Fed. R. Civ. P. 59, requesting that the court reconsider its decision and alter the judgment dismissing this case. Dkt. #5. Plaintiff's motion will be denied because it was untimely.

Motions under Rule 59 must be filed no later than ten days after the entry of judgment. Fed. R. Civ. P. 59(e). A litigant's failure to meet the time limits of Rule 59 forecloses him from raising in the district court his assertions that errors of law or fact have

1

been made. United States v. Griffin, 782 F.2d 1393, 1396 (7th Cir. 1986).

In this case, judgment was entered on April 30, 2009. The 10-day deadline following the entry of the judgment was May 14, 2009. (Holidays and weekends are not counted. Fed. R. Civ. P. 6(a)(2).) Plaintiff's motion was received and date stamped on May 15, 2009. Therefore, plaintiff's motion must be denied as untimely.

Further, even if plaintiff's motion had been timely, it would have been denied. Plaintiff contends that his claims cannot be barred under Heck, 512 U.S. 477, because he is no longer incarcerated. Plaintiff is incorrect. Release from incarceration is not what removes the Heck bar; it is release from custody. It is clear that the Heck bar does not apply after a prisoner is released from custody. Simpson v. Nickel, 450 F.3d 303, 306-07 (7th Cir. 2006) ("Only after the *custody* is over may the prisoner use § 1983 to seek damages against persons who may have been responsible [for the constitutional deprivation]." (Emphasis added)). Although a parolee is not incarcerated, he is considered to be "in custody" because his liberty remains restrained. Jones v. Cunningham, 371 U.S. 236 (1963). In Wisconsin, a person remains in custody whether the person's release is described as parole, probation or extended supervision. State v. Brown, 2006 WI 31, ¶6, 298 Wis. 2d 37, 44, 725 N.W.2d 262, 265; see also State ex rel. Rupinski v. Smith, 2007 WI App 4, ¶¶20-21, 297 Wis. 2d 749, 761, 728 N.W.2d 1, 7 ("[A] person on extended supervision, as a parolee or probationer, is within the *custody* of the [Department of Corrections], and similarly subject

2

to all of the conditions and rules of supervision") (emphasis added).

According to the habeas corpus petition that plaintiff filed with this court, Hoeft v. Clark, 08-cv-537-bbc, although plaintiff is no longer serving the incarceration portion of his sentence on the burglary charges to which he pleaded no contest on December 21, 2004, he is serving the extended supervision portion of that sentence. Therefore, plaintiff has not been released from custody. Because plaintiff remains in the custody of the state, he is barred from bringing suit under § 1983 on his claims that necessarily challenge the validity of his underlying conviction.

## ORDER

IT IS ORDERED that plaintiff Richard Hoeft's motion to reconsider, dkt. #5, is DENIED.

Entered this 21st day of May, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3